IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TIERRE HILL**                                                                                          **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:20-cv-114-DCB-MTP**

**SHUNLEKEE PENDLETON**                                                                  **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Shunlekee Pendleton's Rule 12(b)(6) Motion to Dismiss [11] for failure to state a claim. Plaintiff did not respond to the motion, and the time for doing so has long since expired. Having considered the record and applicable law, the undersigned recommends that the Motion to Dismiss [11] be granted, the Complaint [1] be dismissed with prejudice, and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections. This lawsuit arises from events which took place while Plaintiff was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility ("WCCF"), a Mississippi prison run by Management and Training Corporation.

Plaintiff claims that he did not receive a complete copy of his Rule Violation Report ("RVR") #01599961 at a disciplinary hearing, which resulted in him being unable to "fight to appeal" it. *See* [1] at 4 and 5. He asserts that the RVR was "misprinted with errors" though he does not reveal what those alleged errors might be. *Id*. at 7. While Plaintiff did not provide details about the RVR, the Defendant attached a copy of the document to his Motion [11] which

1

shows that Plaintiff was found guilty after an investigation and hearing for testing positive for Methamphetamine during a random drug test. *See* [11-1]. The RVR confirms that Plaintiff lost all privileges for 30 days. *Id*.

The Defendant's Motion to Dismiss [11] was filed on August 24, 2020. After Plaintiff failed to timely respond, the Court issued an Order on November 10, 2020 directing Plaintiff to respond to the Motion to Dismiss on or before November 30, 2020. *See* [13]. Plaintiff did not respond; therefore, the Court will consider the Motion [11] without a response.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) requires the plaintiff to state a claim upon which relief can be granted. When considering whether the plaintiff has failed to state a claim, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches, Litig.*, 425 F.3d 191, 205 (5th Cir. 2007). To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)). Because Plaintiff is a *pro se* litigant, his complaint is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89 at 94 (2007). Moreover, when addressing a motion to dismiss, the court must accept the Plaintiff's factual allegations as true. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough facts to

raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's allegations amount to claims against Defendant for a violation of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state created regulations and statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which…imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protections afforded by the Due Process clause do not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767 (holding that 30-day commissary and cell phone restrictions do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights).

Plaintiff alleges that as a result of the RVR and subsequent hearing, he lost visitation, commissary, and telephone privileges for thirty days. *See* [1] at 5. These privileges do not affect the quantity or duration of time he will spend in prison. Regardless of whether Defendant "misprinted" or did not give Plaintiff a copy of the RVR, his liberty interests were not infringed upon by the punishment he received as a result. Plaintiff has not alleged that he suffered an atypical and significant hardship in relation to the ordinary incidents of prison life, and, as a result, did not plead a violation of his due process rights that is cognizable under Section 1983. For the above reason, the undersigned recommends that the Motion to Dismiss [11] be granted and the Complaint [1] be dismissed with prejudice.

Since Plaintiff was granted leave to proceed *in forma pauperis*, he is bound by the Prison Litigation Reform Act. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff also signed an Acknowledgment [4] which states he recognizes the repercussions of filing a lawsuit that fails to state a claim upon which relief be granted. As Plaintiff failed to state a claim in his Complaint [1], the undersigned recommends that a strike be issued pursuant to 28 U.S.C. § 1915(g).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Defendant's Motion to Dismiss [11] be GRANTED, the Plaintiff's Complaint [1] be DISMISSED with prejudice, and a strike issued to Plaintiff pursuant to 28 U.S.C. § 1915(g).

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of December, 2020.

s/ Michael T. Parker  
United States Magistrate Judge
